# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL WAYNE MCAFEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-3749 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas petition challenging the revocation of his mandatory supervised release by the Texas Board of Pardons and Paroles ("TBPP"). Respondent filed a motion for summary judgment (Docket Entry No. 16), to which petitioner filed a response (Docket Entry No. 28).

Having considered the motion, the response, the record, the probative summary judgment evidence, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons explained below.

### *Background and Claims*

Petitioner was convicted of aggravated rape in 1979 and sentenced to fifty years' incarceration in the Texas Department of Criminal Justice ("TDCJ"). He was released to mandatory supervision in July 2008. The TBPP issued a pre-revocation warrant for petitioner's arrest in February 2017, and his supervised release was revoked in March

2017. Petitioner's state habeas challenges to the revocation were denied by the Texas Court of Criminal Appeals on September 12, 2018.

Petitioner raises the following federal habeas claims in the instant petition:

1. He was denied due process because his supervision revocation was based solely on the assertions of a parole agent.

2. His supervision revocation was based on perjured testimony.

3. He was denied equal protection because he could not afford to attend two of the required treatment sessions.

4. He did not receive a copy of the final revocation decision.

5. He was denied his right to have a "real" parole panel hear his case.

6. He was given a three-year set off instead of a one-year set off for his next parole review.

Respondent argues that petitioner's claims have no merit and should be summarily dismissed.

### *Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562

U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.

Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004)

### *Analysis*

*Revocation Testimony*

Petitioner complains that he was denied due process because his revocation was based solely on the testimony of one witness, parole agent Amy Kiel.

Respondent submitted an affidavit to the state habeas court, presenting the following relevant testimony of Texas Parole Division Director Angela Nation:

> [O]n 02/24/2017, [petitioner] signed the Rights of the Offender in the Revocation Process form acknowledging five alleged violations: a Rule #8 T - failure to comply with daily activity schedule on or about 02/17/2017 by traveling to Five Star Tax Service without permission; a Rule #8 S.12 - operation of a motor vehicle without ignition interlock or similar device on or about 02/17/2017, when Parole Officer Amy Kiel observed [petitioner] driving into his home driveway in a car which [he] admitted did not have an interlock device; two Rule #8 X - failure to enroll in and attend sex offender treatment on or about 02/07/2017 and 02/14/2017; and a Rule #9 C - failure to pay all fines, court costs and supervision fees ($10.00 per month) by being in arrears approximately $160.00. [Petitioner] requested a revocation hearing.
>
> * * * *
>
> The Rights of the Offender in the Revocation form notified [petitioner] of his right to full disclosure of the evidence against him and detailed the alleged violations against him. During the revocation hearing, [petitioner] only presented his own written statement as evidence and did not object to any of the State's evidence against him, which included [his] Parole

Certificate, Violation Report, Daily Activity Schedule, GPS records, Fee Records, and an Adjustment Statement.

* * * *

[O]n 03/06/2017, a revocation hearing was held and, according to the Hearing Report, the Hearing Officer sustained the following violations: two Rule #8X (failure to enroll in and attend sex offender treatment on or about 02/07/2017 and 02/14/2017) and a Rule #8 S.12 (operated a motor vehicle without ignition interlock or similar device on or about 02/17/2017). The Hearing Officer recommended to revoke [petitioner's] release to mandatory supervision.

* * * *

[A]ccording to the Hearing Report, [petitioner] attended the revocation hearing, testified on his own behalf, presented a written statement as evidence, and did not request any witnesses or present any other evidence.

* * * *

[A]ccording to the Hearing Report, the Parole Officer was the only witness and there is no record that [petitioner] made any objections at the hearing or was denied the opportunity to cross examine adverse witnesses.

* * * *

In accordance with [*Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972)], the Board provides specialized Hearing Officers who have the training and understanding of minimum due process requirements to conduct revocation hearings. At the revocation hearing, the Hearing Officer acts as the Board's representative and reviews all information and evidence to determine if a preponderance of credible evidence exists to believe a violation occurred. The Hearing Officer then objectively summarizes pertinent information in a report for the Board. If evidence indicates at least one parole violation, the Hearing Officer moves to the mitigation phase of the hearing and forwards to the Parole Panel a report summarizing the evidence, including all submitted documents. The Hearing Officer, Parole Officer, and a Board Analyst each make a recommendation for resolving the case. The Board Analyst presents the case to the Parole Panel.

In this instance, the Panel adopted the recommendation to revoke made by the Hearing Officer, Parole Officer, and Board Analyst. Additionally, according to the Hearing Report, the purpose of the hearing was explained to the [petitioner] who voiced an understanding of his rights, made no challenge to the neutrality of the Hearing Officer, and did not object to any of the evidence presented by the State.

\* \* \* \*

[No, the decision of the panel [was not] based solely on the testimony of the [petitioner's] Parole Officer.] According to the Hearing Report, the Board sustained allegations that [petitioner] had two violations for failure to enroll in and attend sex offender treatment (Rule #8X) and one violation for operation of a motor vehicle without an ignition interlock (or similar) device (Rule #8 S.12). The State's exhibits included the Parole Certificate, Violation Report, Daily Activity Schedule, GPS records, Fee Records, and an Adjustment Statement.

Applicant admitted to not attending sex offender treatment classes, due to lack of funds, in the statement he provided as evidence and in his testimony in the revocation hearing.

\* \* \* \*

[Yes, [petitioner was] issued a written statement of the panel's decision that listed the evidence relied upon for that decision.] On 03/10/2017, the Board voted to revoke [petitioner's] release to mandatory supervision. On 03/20/2017, [petitioner] signed the Hearing/Waiver Results form, which contained the allegations and findings, including the Board's 03/10/2017 decision to revoke [his] supervised release, and advised [him] he had 60-days to file a request to reopen the revocation proceedings.

\* \* \* \*

Texas Government Code § 508.1411 relates to the required notice to be provided when an offender, prior to release from TDCJ custody, has been reviewed for release to parole or mandatory supervision. This statute requires the Board to give an applicant notice of the decision, as well as the reasons why an applicant was denied parole in clear, understandable language that contains only the specific reasons why an applicant, in

7

particular, was denied parole and no other reasons that do not apply to the applicant.

Although Texas Government Code § 508.1411 does not relate to a notice of the Parole Panel's decision to revoke supervision, the statutory requirements listed there, for the Parole Panel to produce a written statement, in clear and understandable language, that explains the decision and the reasons for the decision, are still met by the Hearing/Waiver Results form which [petitioner] signed on 03/20/2017.

The Hearing/Waiver Results form is generated in response to a parole or mandatory supervision revocation, occurring after the offender has been released from TDCJ custody to supervision and that supervision has been revoked. The Texas Administrative Code requires that where the final Board disposition is an order to revoke the parole or mandatory supervision, the releasee or attorney shall be notified in writing and provided with a copy of the report of the Hearing Officer and notice of the right to submit a motion to reopen the hearing. The Hearing/Waiver Results form provided to and signed by [petitioner] on 03/20/2017 meets these requirements.

(Docket Entry No. 18-13, pp. 32–35, record and URL citations omitted). Respondent also submitted with the affidavit copies of record exhibits supporting the affidavit testimony. *Id.*, Exhibits A, B; Docket Entry No. 18-14, Exhibits B, C, D.

In rejecting petitioner's challenges to his supervision revocation, the state trial court made the following relevant findings of fact on collateral review:

8. The Court finds the affidavit of Angela Nation, Section Director for Review and Release processing of the [TDCJ]–Parole Division, filed February 6, 2018, is credible and the facts asserted therein are true.

9. The Court finds that the applicant complains he was not afforded due process in the parole review process.

\* \* \* \*

13. The Court finds, based on the affidavit of Nation, that the applicant was released to mandatory supervision on July 29, 2008.

* * * *

19. The Court finds, based on the affidavit of Nation, that a prerevocation warrant was issued and executed on February 21, 2017.

20. The Court finds, based on the affidavit of Nation, that the applicant's mandatory supervision was revoked on March 10, 2017, with jail credits awarded from February 21, 2017 to present day.

21. The Court finds, based on the affidavit of Nation, that the applicant signed his Rights of the Offender in the Revocation Process on February 24, 2017, acknowledging five alleged rule violations and requesting a revocation hearing.

22. The Court finds, based on the affidavit of Nation, that the applicant signed the Rights of the Offender in the Revocation Process sheet, which is detailed notice of the alleged violations of his supervised release that included: failure to comply with his daily activity schedule, operating a motor vehicle without the required ignition interlock, failure to enroll in and attend sex offender treatment, and failure to pay all fines, court costs, and supervisory fees.

23. The Court finds, based on the affidavit of Nation, that on March 6, 2017, the applicant's revocation hearing was held.

24. The Court finds, based on the affidavit of Nation, that the evidence presented against the applicant came from his parole officer's testimony, the applicant's Parole Certificate, Violation & Report, Daily Activity Schedule, GPS records, Fee records, and an Adjustment Statement.

25. The Court finds, based on the affidavit of Nation, that the applicant was present at the hearing, testified on his own behalf, and presented a written statement of evidence. The applicant did not call any witnesses or present any additional evidence.

26. The Court finds, based on the affidavit of Nation, that the applicant did not make any objections at the hearing nor did he question the witness.

27. The Court finds, based on the affidavit of Nation, that the revocation hearing was conducted by a specialized Hearing Officer of the [TBPP] who sustained two (2) of the five (5) violations alleged against the applicant: failure to enroll in and attend sex offender treatment on February 7 and 14, 2017, and operating a motor vehicle without an ignition interlock device as required.

28. The Court finds, based on the decision of the Hearing Officer, that the Hearing Officer found the testimony of the applicant's parole officer and the six (6) supporting documents admitted into evidence to be credible and proof of two of the alleged violations.

29. The Court finds, based on the affidavit of Nation, that the Hearing Officer recommended the applicant's supervision be revoked.

30. The Court finds, based on the affidavit of Nation, that the Hearing Officer's recommendation was forwarded to the Parole Panel where the recommendations of the Hearing Officer, Parole Officer, and a Parole Board Analyst, using the information gathered at the hearing, were presented for a vote.

31. The Court finds, based on the affidavit of Nation, that the Parole Board panel voted to revoke the applicant's supervision.

(Docket Entries No. 18-15, pp. 36–40; 18-16, p. 1; record citations omitted). The state trial court also made the following relevant conclusions of law:

1. The Court finds that the applicant was afforded all process due in the parole revocation process, including notice of the violations and evidence against him; a hearing; the opportunity to be present, cross examine witnesses, and present evidence; a neutral and detached hearing body; and written notice of the Board's decision and evidence relied upon.

2. The Court finds that the applicant received proper notice of the Board's decision and of his right to submit a motion to reopen the hearing.

\* \* \* \*

5. The Court finds that the applicant's claims of due process violations leading to unlawful confinement in the primary case are without merit.

(Docket Entry No. 18-16, pp. 1, 3, citations omitted). The Texas Court of Criminal Appeals expressly relied on these findings of fact and conclusions of law in denying habeas relief. *Ex parte McAfee*, WR-13,738-13 (Supp.), at cover.

Petitioner is factually incorrect in arguing that the evidence against him was limited to testimony provided by his parole officer. The parole officer testified to seeing petitioner driving a vehicle that petitioner acknowledged was not equipped with an ignition interlock device. (Docket Entry No. 18-14, p. 12.) Petitioner's failure to attend two therapy sessions was established by documents produced at the hearing. *Id.*, p. 18. As shown in its findings of fact above, the state trial court identified the hearing evidence as the parole officer's testimony, petitioner's parole certificate, the violation and report, the daily activity schedule, GPS records, fee records, and an adjustment statement. The hearing officer found the parole officer's testimony and the documentary evidence credible and sufficient to sustain two of the alleged violations, and recommended that petitioner's supervision be revoked. The parole board panel reviewed the recommendations and evidence and voted to revoke petitioner's supervision.

Even assuming the evidence had been limited to the parole officer's testimony, petitioner does not show that this would entitle him to federal habeas relief. Petitioner admitted in his written statement at the revocation hearing that he had not paid for the two treatment sessions and was not allowed to attend. As to the second violation, the parole officer did not baldly state that petitioner drove a vehicle without an ignition interlock device. To the contrary, she testified to seeing petitioner behind the wheel driving a vehicle, and that petitioner admitted to her that the vehicle had no ignition interlock device. In short, she personally witnessed the violation.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Perjured Testimony*

Petitioner contends that his supervision was unlawfully revoked because the hearing officer and panel relied on perjured testimony.

In rejecting petitioner's habeas claims, the state court made the following relevant findings of fact:

> 26. The Court finds, based on the affidavit of Nation, that the applicant did not make any objections at the hearing nor did he question the witness.

\* \* \* \*

> 28. The Court finds, based on the decision of the Hearing Officer, that the Hearing Officer found the testimony of the applicant's parole officer and the six (6) supporting documents admitted into evidence to be credible and proof of two of the alleged violations.

(Docket Entries No. 18-15, pp. 39–40; No. 18-16, p. 1; record citations omitted.) The Texas Court of Criminal Appeals expressly relied on these findings of fact in denying habeas relief. *Ex parte McAfee*, WR-13,738-13 (Supp.), at cover.

Petitioner's claims of perjury are conclusory and unsupported in the record. *See Ross v. Estelle*, 694 F.2d 1008, 1013 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). His disagreements with the veracity of the evidence introduced at his revocation hearing are insufficient to preclude the granting of summary judgment against him or to meet his burden of proof under AEDPA.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Equal Protection*

Petitioner states that he was denied equal protection because he could not afford to attend two sessions of the sex offender treatment classes ordered by the TBPP.

Petitioner's claim is conclusory and unsupported in the record, and he presents no probative summary judgment evidence supporting such a claim. Specifically, the state court record holds no support for his claim of not having resources to pay for two of the therapy sessions, particularly in light of his payments for the other sessions.

Moreover, neither petitioner nor the state court record establish an equal protection violation. Petitioner does not show that poverty or an inability to pay the fees constituted a protected class, nor does he show that persons similarly situated were treated differently. In sum, petitioner's equal protection claim is unfounded.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*No Final Written Decision*

Petitioner next claims that he did not receive a written statement of the TBPP's final decision or the evidence and reasons for the revocation. Under the Supreme Court's decision in *Morrissey*, federal due process requires that a revocation petitioner receive "a written statement by the fact finders as to the evidence relied on and reasons for revoking parole." 408 U.S. 471, 490 (1972).

The state court record in this case evinces petitioner's signature on the Hearing/Waiver Results, acknowledging that he received a written statement as to the

evidence relied upon and the reasons for revoking parole. (Docket Entry No. 18-14, p. 38.) Moreover, the state trial court expressly found that petitioner received and signed for his Hearing/Waiver Results form, which included the allegations, findings, and the Board's decision. (Docket Entry No. 18-16, p. 2.) Consequently, the record and findings establish that petitioner was provided the written statement required by *Morrissey*. Petitioner's allegations to the contrary are unsupported in the record and insufficient to preclude the granting of summary judgment against him.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*No "Real" TBPP Panel Hearing*

Petitioner argues that he was denied his right to have a "real" TBPP panel hear his case rather than the "specialized" hearing officer. The Court understands petitioner to argue that his hearing was not held before a "traditional" TBPP panel.

In *Morrissey*, the Supreme Court set forth the following minimum due process requirements for revocation hearings:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) *a*

*"neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers*; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole.

408 U.S. at 488–90 (emphasis added).

Petitioner contends that the phrase "traditional parole board" entitled him to a "real" TBPP panel. *Morrissey* did not mandate that petitioner be afforded a "traditional" parole board. To the contrary, it requires that he be provided a neutral and detached hearing body. The phrase "such as a traditional parole board" as appears in the decision was used as an example, not a requirement.

In an affidavit submitted to state trial court on collateral review, Texas Parole Division Director Nation testified in relevant part that,

> In accordance with [*Morrissey*], the Board provides specialized Hearing Officers who have the training and understanding of minimum due process requirements to conduct revocation hearings. At the revocation hearing, the Hearing Officer acts as the Board's representative and reviews all information and evidence to determine if a preponderance of credible evidence exists to believe a violation occurred. The Hearing Officer then objectively summarizes pertinent information in a report for the Board.

(Docket Entry No. 18-13, pp. 32–33, record and URL citations omitted.)

The state trial court found that petitioner's revocation hearing was conducted by a specialized hearing officer of the TBPP, who sustained two of the five alleged violations. The Hearing Officer's recommendation was then forwarded to the parole board panel where the recommendations of the hearing officer, parole officer, and a parole board analyst, using the information gathered at the hearing, were presented for a vote. The

16

parole board panel in this case subsequently voted to revoke petitioner's supervision. (Docket Entries No. 18-15, pp. 36–40; 18-16, p. 1.) The state trial court concluded that petitioner "was afforded all process due in the parole revocation process, including notice of the violations and evidence against him; a hearing; the opportunity to be present, cross examine witnesses, and present evidence; a neutral and detached hearing body; and written notice of the Board's decision and evidence relied upon." (Docket Entry No. 18-16, pp. 1.) No due process violation was found.

Petitioner did not, and does not, challenge the neutrality and detachment of the hearing officer or panel involved in his revocation proceedings. In claiming that he was denied a "traditional" parole board hearing, petitioner raises no cognizable federal habeas claim for which relief is warranted.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Three-year Set Off*

Petitioner contends that he was given a three-year set off instead of a one-year set off for his next parole review. Petitioner's allegation raises no cognizable federal habeas claim for relief. The Texas parole statutes do not create a liberty interest in being reviewed for parole at a certain time interval. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th

Cir. 1995) (finding no due process or *ex post facto* violation due to change in frequency of parole reviews, as the parole board can review a case at such intervals as it determines); *see also Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (stating that, because no liberty interest exists in obtaining parole in Texas, prisoners cannot complain of constitutionality of procedural devices attendant to parole decisions).

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Evidentiary Hearing*

A district court may hold an evidentiary hearing only when the petitioner has shown either that a claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable juror would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B). Petitioner here has not met these requirements, and the Court has determined that no evidentiary hearing is necessary for disposition of the claims raised in this habeas proceeding.

*Conclusion*

The motion for summary judgment (Docket Entry No. 16) is GRANTED and this habeas lawsuit is DISMISSED WITH PREJUDICE. Any and all other pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on February 21, 2020.

_____
Gray H. Miller
Senior United States District Judge